**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**COURTNEY WRIGHT,**

    **Plaintiff,**

v.                                                                                    Case No:

**MARINER FINANCE, LLC**,

    **Defendant.**                                                **DEMAND FOR JURY TRIAL**
_____/

**PLAINTIFF'S COMPLAINT WITH INJUNCTIVE RELIEF SOUGHT**

**COMES NOW**, Plaintiff, **COURTNEY WRIGHT** ("Mr. Wright" or "Plaintiff"), by and through the undersigned counsel, and hereby sues and files this Complaint and Demand for Jury Trial with Injunctive Relief Sought against Defendant, **MARINER FINANCE, LLC** ("Defendant"), and in support thereof states as follows:

*Introduction*

1. This action arises out of an alleged "Debt" or "Consumer Debt" as defined by Fla. Stat. § 559.55 (6) and Defendant's violations of the Restrictions on Use of Telephone Equipment, 47 U.S.C. § 227 *et. seq.* ("TCPA"), and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.72 *et. seq.* ("FCCPA"), in attempting to collect such Debt by using an automatic telephone dialing system or automated voice or prerecorded message to call and text Mr. Wright's Cellular Telephone after Mr. Wright demanded that Defendant stop calling and texting his Cellular Telephone, by misrepresenting the right to collect payment directly from Mr. Wright when Defendant

knows that such Debt was included in Mr. Wright's Chapter 13 Bankruptcy Case, by furnishing inaccurate information to the credit reporting agencies with respect to such Debt, and directly communicating with Mr. Wright in connection with collection of such Debt when Defendant knew Mr. Wright was represented by counsel, which can all reasonably be expected to harass Mr. Wright.

### *Jurisdiction and Venue*

2. This Court has subject matter jurisdiction over the instant case arising under the federal question presented in the TCPA pursuant to 28 U.S.C. § 1331.

3. Venue lies in this District pursuant to 28 U.S.C. § 1391 (b) and Fla. Stat. § 559.77 (1), as a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

### *Parties*

4. Plaintiff, Mr. Wright, was and is a natural person and, at all times material hereto, is an adult, a resident of Hillsborough County, Florida, a "consumer" as defined and a "debtor" or "consumer" as defined by Fla. Stat. § 559.55 (8).

5. Mr. Wright is the "called party" as referenced in the TCPA, 47 U.S.C. § 227 (b) (1) (A) (iii), for all calls placed to cellular telephone number 678-***-0496 ("Mr. Wright's Cellular Telephone").

6. At all times material hereto, Defendant was and is a corporation with its principle place of business in the State of FL and its registered agent, Corporation Service Company, located at 1201 Hays Street, Tallahassee, FL 32301.

### *Statements of Fact*

7. In or around August 2018, Mr. Wright took out a loan with Defendant for household purposes, which opened a unique account in Mr. Wright's name ("Account").

8. Sometime thereafter, Mr. Wright encountered financial difficulties and fell behind on his payments towards the Account and incurred an outstanding balance owed thereunder ("Debt").

9. On January 9, 2019, Mr. Wright filed a Chapter 13 Bankruptcy Petition ("Petition") in the U.S. Bankruptcy Court for the Middle District of Florida, Case No. 8:19-bk-00177-CPM ("Bankruptcy Case").

10. Mr. Wright identified Defendant as a creditor in his Petition with a total claim of $6,105.00 in the Bankruptcy Case. *See* **Exhibit A, §4.6.**

11. Accordingly, Mr. Wright was protected from Defendant's direct collection activity pursuant to 11 USC § 362.

12. Mr. Wright's Petition identified his counsel's name and contact information, which notified all of Mr. Wright's creditors, including Defendant, that Mr. Wright was represented by counsel with respect to all debts.

13. On or around January 13, 2019, Defendant received notice of Mr. Wright's Bankruptcy case via electronic transmission by the Bankruptcy Noticing Center. *See* **Exhibit B**.

14. In or around late January of 2019, Defendant began placing calls and sending text messages to Mr. Wright's Cellular Telephone in attempts to collect the Debt.

15. In response, Mr. Wright logged in online to Defendant's website and submitted a message to Defendant notifying Defendant again the he had filed for Chapter 13 Bankruptcy relief and asked that Defendant's communication with him stop.

16. Despite receiving notice from the Bankruptcy Noticing Center and Mr. Wright's written demand, Defendant continued to call and text Mr. Wright's Cellular Telephone in attempts to collect the Debt.

17. Mr. Wright also spoke with Defendant on February 2, 2019 and told Defendant that he filed for Chapter 13 bankruptcy relief and demanded that Defendant stop calling and texting his Cellular Telephone.

18. Defendant has called Mr. Wright's Cellular Telephone at least twenty (20) times during the time period from late January 2019 to the present date.

19. Defendant called and texted Mr. Wright's Cellular Telephone from several different telephone numbers, including, but not limited to: 813-889-8373.

20. Defendant also directly emailed Mr. Wright in connection with collection of the Debt.

21. Further, Defendant furnished inaccurate information to the credit reporting agencies with respect to the Debt when Defendant continued to furnish information that the Account was and is seriously delinquent after January 2019 and failed to furnish information that the Debt was included in Mr. Wright's Bankruptcy Case.

22. All of Defendant's calls to Mr. Wright's Cellular Telephone were placed in an attempt to collect the Debt.

23. Defendant has harassed Mr. Wright due to the timing and frequency of Defendant's calls.

24. All of Defendant's texts to Mr. Wright's Cellular Telephone were placed in an attempt to collect the Debt.

25. All of Defendant's emails to Mr. Wright's Cellular Telephone were placed in an attempt to collect the Debt.

### *Count 1: Violation of the Telephone Consumer Protection Act*

26. Mr. Wright re-alleges paragraphs 1-25 and incorporates the same herein by reference.

27. The Restrictions on Use of Telephone Equipment provision, 47 U.S.C. § 227 (b) (1) prohibits any person:

> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial prerecorded voice – (iii) to any telephone number assigned to a paging service, cellular telephone service, . . . or any service for which the called party is charged for the call.

28. Mr. Wright revoked consent to have Defendant call and text his Cellular Telephone by the use of an automatic telephone dialing system ("ATDS") or artificial voice or prerecorded message in or around January of 2019 when he messaged Defendant online and demanded that Defendant's calls and texts stop.

29. Despite this revocation of consent, Defendant thereafter called Mr. Wright's Cellular Telephone at least twenty (20) times.

30. Despite this revocation of consent, Defendant thereafter texted Mr. Wright's Cellular Telephone at two (2) times.

31. Defendant did not place any emergency calls to Mr. Wright's Cellular Telephone.

32. Defendant willfully and knowingly placed non-emergency calls to Mr. Wright's Cellular Telephone.

33. Mr. Wright knew that Defendant called Mr. Wright's Cellular Telephone using an ATDS because he heard a pause when he answered at least one of the first few calls from Defendant on his cellular telephone before a live representative of Defendant came on the line.

34. Mr. Wright knew that Defendant called Mr. Wright's Cellular Telephone using a prerecorded voice because Defendant left Mr. Wright at least one voicemail using a prerecorded voice.

35. Defendant used an ATDS when it placed at least one call to Mr. Wright's Cellular Telephone.

36. Under information and belief, Defendant used an ATDS when it placed at least ten calls to Mr. Wright's Cellular Telephone.

37. Under information and belief, Defendant used an ATDS when it placed at least twenty calls to Mr. Wright's Cellular Telephone.

38. Under information and belief, Defendant used an ATDS when it placed all calls to Mr. Wright's Cellular Telephone.

39. At least one call that Defendant placed to Mr. Wright's Cellular Telephone was made using a telephone dialing system that has the capacity to store telephone numbers to be called.

40. At least one call that Defendant placed to Mr. Wright's Cellular Telephone was made using a telephone dialing system that has the capacity to produce telephone numbers to be called without human intervention.

41. At least one call that Defendant placed to Mr. Wright's Cellular Telephone was made using a telephone dialing system that uses a random number generator.

42. At least one call that Defendant placed to Mr. Wright's Cellular Telephone was made using a telephone dialing system that uses a sequential number generator.

43. At least one call that Defendant placed to Mr. Wright's Cellular Telephone was made using a prerecorded voice.

44. Defendant has recorded at least one conversation with Mr. Wright.

45. Defendant has recorded more than one conversation with Mr. Wright.

46. Defendant has corporate policies and procedures in place that permit it to use an ATDS or artificial voice or prerecorded message to place call individuals to collect alleged debts from said individuals, such as Mr. Wright, for its financial gain.

47. Defendant has corporate policies and procedures in place that permit it to use an ATDS or artificial voice or prerecorded message, and to place calls to individuals using such devices, just as it did to Mr. Wright's Cellular Telephone, with no way for the called party and recipient of the calls to permit, elect, or invoke the removal of the called party and recipient of the calls' cellular telephone number from Defendant's call list.

48. The structure of Defendant's corporate policies and/or procedures permits the continuation of calls to individuals like Mr. Wright, despite individuals like Mr. Wright revoking any consent that Defendant believes it may have to place such calls.

49. Defendant knowingly employs methods and has corporate policies and procedures that do not permit the cessation or suppression of calls placed using an ATDS to individual's cellular telephones, like the calls that it placed to Mr. Wright's Cellular Telephone.

50. Defendant has corporate policies to abuse and harass consumers like Mr. Wright.

51. Defendant has been sued in federal court where the allegations include: calling an individual using an ATDS after the individual asked for the calls to stop.

52. Defendant has been sued in federal court where the allegations include: calling an individual using an automated or prerecorded voice after the individual asked for the calls to stop.

53. Defendant's phone calls harmed Mr. Wright by causing him embarrassment.

54. Defendant's phone calls harmed Mr. Wright by causing him to lose sleep.

55. Defendant's phone calls harmed Mr. Wright by causing him stress.

56. Defendant's phone calls harmed Mr. Wright by causing him anxiety.

57. Defendant's phone calls harmed Mr. Wright by causing him annoyance and aggravation.

58. Defendant's phone calls harmed Mr. Wright by invading his privacy.

59. All conditions precedent to this action have occurred.

**WHEREFORE,** Plaintiff respectfully requests this Court to enter a judgment against Defendant as follows:

a. Awarding statutory damages as provided by 47 U.S.C. § 227 (b) (3) (B), which allows for $500 in damages for each such violation;

b. Awarding treble damages pursuant to 47 U.S.C. § 227 (b) (3) (C);

c. Awarding Plaintiff costs;

d. Ordering an injunction preventing further wrongful contact by the Defendant; and

e. Any other and further relief as this Court deems just and equitable.

### *Count 2: Violation of the Florida Consumer Collection Practices Act ("FCCPA")*

60. Mr. Wright re-alleges paragraphs 1-25 and incorporates the same herein by reference.

61. Defendant violated the FCCPA. Defendant's violations include, but are not limited to, the following:

a. Defendant violated Fla. Stat. § 559.72(5) by disclosing inaccurate information regarding the Account and Debt to the three main credit reporting agencies when Defendant knew that the information was false because Defendant received notification from the Bankruptcy Center and from Mr. Wright that the Debt was included in the Bankruptcy Case.

    b. Defendant violated Fla. Stat. § 559.72(7) by continuing to place calls and send texts to Mr. Wright's Cellular Telephone in attempts to collect the Debt, despite the fact that the Debt was protected by the automatic stay pursuant to the Bankruptcy Case and even after Mr. Wright informed Defendant that he had filed for bankruptcy relief and demanded Defendant stop calling and texting his Cellular Telephone, which can reasonably be expected to harass Mr. Wright.

    c. Defendant violated Fla. Stat. § 559.72(7) by continuing to send emails Mr. Wright in attempts to collect the Debt, despite the fact that the Debt was protected by the automatic stay pursuant to the Bankruptcy Case and even after Mr. Wright informed Defendant that he had filed for bankruptcy relief and demanded Defendant stop calling and and texting his Cellular Telephone, which can reasonably be expected to harass Mr. Wright.

    d. Defendant violated Fla. Stat. § 559.72(9) by misrepresenting the right to collect payment directly from Mr. Wright when Defendant knew that such Debt was included in Mr. Wright's Chapter 13 Bankruptcy Case.

  e. Defendant violated Fla. Stat. § 559.72(18) by contacting Mr. Wright after the Defendant knew Mr. Wright was represented by an attorney with respect to such debt and had knowledge of, or could readily ascertain, such attorney's name and address.

62. As a result of the above violations of the FCCPA, Mr. Wright has been subjected to unwarranted and illegal collection activities and harassment for which he has been damaged.

63. Debt Collector's actions have damaged Mr. Wright by violating his right to not be contacted directly regarding the Debt when Debt Collector had actual knowledge that Mr. Wright is represented by counsel with respect to the Debt.

64. Defendant's phone calls harmed Mr. Wright by causing him embarrassment.

65. Defendant's phone calls harmed Mr. Wright by causing him to lose sleep.

66. Defendant's phone calls harmed Mr. Wright by causing him stress.

67. Defendant's phone calls harmed Mr. Wright by causing him anxiety.

68. Defendant's phone calls harmed Mr. Wright by causing him annoyance and aggravation.

69. Defendant's phone calls harmed Mr. Wright by invading his privacy.

70. It has been necessary for Mr. Wright to retain the undersigned counsel to prosecute the instant action, for which he is obligated to pay a reasonable attorney's fee.

71. All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Defendant as follows:

    a. Awarding statutory damages as provided by Fla. Stat. § 559.77;

    b. Awarding actual damages;

    c. Awarding punitive damages;

    d. Awarding costs and attorneys' fees;

    e. Ordering an injunction preventing further wrongful contact by the Defendant; and

    f. Any other and further relief as this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff, Courtney Wright, demands a trial by jury on all issues so triable.

Respectfully submitted this **March 27, 2019**,

/s/ Michael A. Ziegler
Michael A. Ziegler, Esq.
Florida Bar No. 74864
mike@zieglerlawoffice.com

/s/ Kaelyn Steinkraus
Kaelyn Steinkraus, Esq.
Florida Bar No. 125132
kaelyn@zieglerlawoffice.com

Law Office of Michael A. Ziegler, P.L.
2561 Nursery Road, Suite A
Clearwater, FL 33764
(p) (727) 538-4188
(f) (727) 362-4778
Attorneys and Trial Counsel for Plaintiff